## N. Y. SUPERIOR COURT.

PHEBE A. HENDERSON, plaintiff and respondent agt. WILLIAM L. STONE, impleaded, &c., defendant and appellant.

Where the order requiring a judgment debtor to appear and submit to an examination is not served upon him until after the return day specified therein, no jurisdiction is acquired by the subsequent appearance of such debtor for the purpose of raising objection.

The objection of a total want of jurisdiction may be raised at any stage in the proceeding.

*General Term, May,* 1870.

*Before* BARBOUR, C. J., FREEDMAN *and* SPENCER, J. J.

APPEAL from an order made at special term in proceedings supplementary to execution.

L. I. LANSING, *attorney for appellant.*

JAMES HENDERSON, *attorney for respondent.*

*By the court,* FREEDMAN, J.—The proceedings, in the course of which the order appealed from was made, seem to have been instituted for the sole purpose of compelling the defendant, Stone, to pay the costs, amounting to twenty-eight dollars and ninety-five cents, alleged to be still due upon a judgment of one thousand and twenty-eight dollars and ninety-five cents, the principal amount of which had been paid prior to the commencement of the proceedings. There is no proof that the court or a judge thereof ever acquired jurisdiction over the person of the appellant. The orignal order requiring the appellant to appear, to make discovery on oath concerning his property, was not served upon him during the time the order had any vitality,

Henderson agt. Stone.

but three days after the return day specified therein, and so far as there has been any appearance on the part of the appellant afterwards, it has been solely for the purpose of making his objections, by which no jurisdiction was conferred. The objection that there is a total want of jurisdiction may be taken at any stage in the case. The order appealed from, must be reversed.